IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| RUTH ANN EAKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: |
| | ) |
| OFFICER SCOTT FORRESTER, | ) |
| In his individual and official capacity, | ) |
| CORPORAL DERICK. HILL, | ) JURY TRIAL DEMANDED |
| in his individual and official capacity, | ) |
| AND CITY OF OZARK, MISSOURI, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

**COMES NOW**, Plaintiff Ruth Ann Eakins by and through her attorneys of record, Brandon Potter of Corbett Law Firm and for her Complaint against Defendants, as further described herein, states as follows:

## PARTIES

1. At all times referred herein, Plaintiff Ruth Ann Eakins (hereinafter referred to as "Ruth") is a resident of Sparta, Christian County Missouri, and a citizen of the United States.

2. At all times referred herein, Defendant officer Scott Forrester (hereinafter referred to as "Forrester") was at all times an Officer of the City of Ozark Police Department, and at all times referenced herein was in the course and scope of his employment referenced herein.

1

3. At all times referred herein, Corporal Derick Hill (hereinafter referred to as "Hill") was an officer with the city of Ozark Police Department, and at all times referenced herein was in the course and scope of his employment.

4. At all times referred herein, Defendant City of Ozark, Missouri (hereinafter referred to as "City of Ozark") was a municipal corporation organized and existing under the laws of the State of Missouri.

## BACKGROUNDF/FACTS COMMON TO ALL COUNTS

5. On or about April 23, 2013, Ruth was driving a white minivan in Ozark, Missouri.

6. On or about April 23, 2013, Hill and Forrester received a call that a white minivan left a home where a domestic disturbance had possibly occurred.

7. Hill and Forrester made a traffic stop of Ruth's minivan because it was white.

8. Upon stopping Ruth's van, Hill and Forrester approached her vehicle.

9. After Forrester approached the vehicle, asked Ruth to get out of the vehicle.

10. While Ruth unfastened her seatbelt, Forrester opened her door, pulled her out and then threw her up agauinst the van, injuring her face, head and jaw.

11. After being thrown up against the van, she was handcuffed and kicked in her lower back.

12. Ruth was taken to jail and arrested for DWI and was released several hours later.

## COUNT I – Unconstitutional Stop/False Arrest

2

**COMES NOW** Plaintiff Ruth Ann Eakins, by and through her attorney of record, Brandon C. Potter of Corbett Law Firm, P.C., and for Count I of her Complaint against Forrester and Hill, state as follows:

13. Ruth incorporates each and every allegation and averment as set forth in Paragraphs 1-12 as if fully set forth herein *in haec verba.*

14. Forrester and Hill stopped Ruth's vehicle without probable cause.

15. Any objectively reasonable officer would have known that no probable cause existed to stop Ruth.

16. Forrester and Hill were deliberately indifferent to Ruth's constitutional rights.

17. As a result of Forrester's and Hill's unconstitutional conduct, Ruth suffered embarrassment and emotional distress.

**WHEREFORE,** Jeanne prays for judgment against Defendants Forrester and Hill, seeking money damages against Defendants Forrester and Hill in their individual and official capacity; for compensatory damages in an amount that is fair and reasonable, attorney fees and costs, and for such other and further relief as the Court deems just and proper under the circumstances.

## COUNT II – False Arrest

**COMES NOW** Plaintiff Ruth Ann Eakins, by and through her attorney of record, Brandon C. Potter of Corbett Law Firm, P.C., and for Count I of her Complaint against Forrester and Hill, state as follows:

18. Ruth incorporates each and every allegation and averment as set forth in Paragraphs 1-12, Paragraphs 13-17 of Count I as if fully set forth herein *in haec verba.*

19. When Forrester pulled Ruth out of her car and placed her in handcuffs there existed no probable cause to perform arrest.

20. Any objectively reasonable officer would have known that no probable cause existed to stop Ruth.

21. Forrester and Hill were deliberately indifferent to Ruth's constitutional rights.

22. As a result of Forrester's and Hill's unconstitutional conduct, Ruth suffered embarrassment and emotional distress.

**WHEREFORE,** Ruth prays for judgment against Defendants Forrester and Hill, seeking money damages against Defendants Forrester and Hill in their individual and official capacity; for compensatory damages in an amount that is fair and reasonable, attorney fees and costs, and for such other and further relief as the Court deems just and proper under the circumstances.

## COUNT-III EXCESSIVE FORCE

**COMES NOW** Plaintiff Ruth Ann Eakins, by and through her attorney of record, Brandon C. Potter of Corbett Law Firm, P.C., and for Count I of her Complaint against Forrester and Hill, state as follows:

23. Ruth incorporates each and every allegation and averment as set forth in Paragraphs 1-12, Paragraphs 13-17 of Count I, and paragraphs 18-22 of Count II as if fully set forth herein *in haec verba.*

24. When Forrester pulled Ruth out of her car and slammed her agauinst the van he used an gratuitous amount of force; said force being excessive.

25. The actions of Defendants Forrester and Hill were deliberately indifferent to Ruth's constitutional rights.

26. An objectively reasonable officer would have known that his actions violated Ruth's constitutional rights in that:

    a. Ruth had not committed a crime;

    b. Ruth did not pose an immediate threat to the safety of the officers or others; and,

    c. Ruth did not resist arrest or attempt to evade arrest by flight.

27. As a direct and proximate result of the aforementioned conduct of Defendants Forrester and Hill, Ruth suffered physical injury, emotional distress, embarrassment, and public humiliation.

28. The conduct of Forrester and Hill was reckless, malicious, and willful, and an award of punitive damages is necessary to punish Forrester and Hill, in their individual capacities and to deter them and others from the same or similar transgressions in the future.

**WHEREFORE,** Ruth prays for judgment against Defendants Forrester and Hill, seeking money damages against Defendants in its individual and official capacities, for compensatory damages in an amount that is fair and reasonable; for punitive damages against Defendants in its individual capacity; and for the costs of this action, and reasonable attorney fees and costs, and for such other and further relief as the Court deems just and proper under the circumstances.

5

Case 6:18-cv-03131-MDH   Document 1   Filed 04/23/18   Page 5 of 7

## COUNT IV-Failure to Train

**COMES NOW** Plaintiff Ruth Ann Eakins, by and through her attorney of record, Brandon C. Potter of Corbett Law Firm, P.C., and for Count I of her Complaint against Forrester and Hill, state as follows:

29. Ruth incorporates each and every allegation and averment as set forth in Paragraphs 1-12, Paragraphs 13-17 of Count I, paragraphs 18-22 of Count II, and paragraphs 23-28 of Count III as if fully set forth herein *in haec verba.*

30. That the actions of the Defendants Forrester and Hill were the results of the failure of St. Clair County failing to properly train its officers.

31. That the violations of Forrester and Hill were so clear that there was an obvious need to train them relating to lawful entry and searches of home and not to use excessive force including the use of a taser.

32. That the failure of City of Ozark to train its officers was deliberately and indifferent to Ruth's constitutional rights pursuant to her Fourth (4th) Amendment rights and was the direct and proximate result of her injury.

## COUNT V
## 42 U.S.C §1988

**COMES NOW** Plaintiff Ruth Ann Eakins, by and through her attorney of record, Brandon C. Potter of Corbett Law Firm, P.C., and for Count I of her Complaint against Forrester and Hill, state as follows:

6

33. Plaintiff incorporates each and every allegation and averment as set forth in Paragraphs 1-12, Paragraphs 13-17 of Count I, paragraphs 18-22 of Count II, paragraphs 23-28 of Count III, and paragraphs 29-32 in Count IV as if fully set forth herein in haec verba.

34. For all claims in this Complaint on which Ruth prevails, Ruth requests compensation for her reasonable attorney fees and other costs as provided for by 42 U.S.C.§1988.

## DEMAND FOR JURY TRIAL

35. Plaintiff requests a demand for jury trial on all issues.

CORBETT LAW FIRM, P.C.

_____
Brandon C. Potter #52232
2015 East Phelps Street
Springfield, MO 65802
(417) 866-6665  FAX: (417) 866-6699
bpotter@corbettlawfirm.com
